UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:16-CV-187-TBR

JOSHUA AARON GAMBLE,                                                                    PLAINTIFF

v.

RICKY PARNELL, et al.,                                                                  DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on three separate motions for summary judgment filed by Defendants Daniel Thomas, Fulton County, and Ricky Parnell (R. 47; R. 49; R. 50). On October 19, 2018 the Court granted Plaintiff, Joshua Gamble, a 21-day extension to respond to Defendants' Motions for summary judgment. The extension has lapsed by over a month, and Parnell has failed to respond. For the reasons set forth below, the Court HEREBY GRANTS THE DEFENDANTS' MOTIONS FOR SUMMARY JUDGEMENT, and, in the interest of justice, dismisses with prejudice the claims against Defendant Ron Armstrong—the only remaining Defendant in the action.

STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

1

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). The plaintiff may accomplish this by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). Mere speculation will not suffice to defeat a motion for summary judgment; "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Electronic Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

BACKGROUND

Inmate and *pro se* plaintiff, Joshua Gamble brought multiple 42 U.S.C. § 1983 claims against Defendants Daniel Thomas, Fulton County, Ricky Parnell, and Ron Armstrong alleging that he was forced to work as a block layer in unsafe working conditions, that he was retaliated against when he refused to perform work under those conditions, that he was exposed to black mold, that money had been taken from his inmate account improperly, and that overcrowding at the Fulton County Detention Center caused unfit living conditions for the inmates.

During his deposition, Gamble, stated that he had not filled written grievances of any kind. (Gamble Depo. P. 212). Further, Gamble has produced no evidence through discovery that he has suffered any injury.

Defendants Thomas, Fulton County, and Parnell have all filed separate motions for summary judgment in which they argue that Gamble failed to exhaust his administrative remedies and failed to prove injury as required by Prison Litigation Reform Act (PLRA). The Court Granted Gamble a 21-day extension to file a response to the Defendants' motions for summary judgment on October 19, 2018. That extension has lapsed by over a month, and Gamble has failed to respond.

DISCUSSION

The PLRA requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. Sec. 1997e(a). It further requires that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in Section 2246 of Title 18)." 42 U.S.C. § 1997e(e). The Defendants argue that Gamble has not exhausted his administrative remedies and point to his deposition testimony in which he admits to filling no written grievances. (Gamble Depo. P. 212). They also argue that Gamble has produced no evidence of injury and point to the record. By Plaintiff's failure to respond, the Court must assume that the facts alleged and properly supported in the Defendants' motions for summary judgment are undisputed. *See Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404-407 (6th Cir. 1992). Therefore, the Court finds that Gamble has failed to exhaust his

administrative remedies and has failed to show a physical injury as required by the PLRA. The Defendants motions for summary judgment are granted.

Further, based on the findings above, the Court holds that in the interest of justice Gamble's claims against Defendant Ron Armstrong should be dismissed with prejudice.

CONCLUSION

Based on the findings and conclusion above, it is **HEREBY ORDERED** as follows:

Defendants Thomas's, Parnell's, and Fulton County's Motions for summary judgment, (R. 47; R. 49; R. 50), are **GRANTED**.

In the interest of justice and based on the above findings, Gamble's claims against Defendant Ron Armstrong are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

**Thomas B. Russell, Senior Judge**
**United States District Court**

November 27, 2018

cc. Counsel of Record